IN THE

# SUPERIOR COURT OF CINCINNATI.

Mr. Justice BELLAMY STORER,
Mr. Justice OLIVER M. SPENCER,
Mr. Justice WM. Y. GHOLSON.

## GENERAL TERM.

Before Judges STORER, SPENCER, and GHOLSON.

### L. W. BROWN vs. A RAFT OF POPLAR AND OAK TIMBER.

In order to render a party to the record a witness in his own case, a reasonable notice must be served on the opposite party prior to the time of taking his deposition, or offering him as a witness at the time.

If the opposite party is before the notary at the time the testimony is taken, and does not except, but proceeds to cross-examine the party offering himself, he waives his right to notice.

The question does not go to the competency of the party to a suit; for the notice is not a condition precedent, necessary to make a party a competent witness. Nor would the court interfere if the witness was offerred in the trial, without proof of notice, unless the opposite party objected to his admission.

Otherwise, in case of an administrator or executor, who is bound by law to object to the opposite party's testimony.

The general notice that at a certain time and place the depositions of *divers witnesses* will be taken, is insufficient to satisfy the notice required to be given by a party, who seeks to introduce his own testimony.

Quære, as to the effect of cross examination of a party before a notary, after exception noted, for want of notice.

It appeared from the bill of exceptions, that on the trial of the case at the special term before Spencer, J. defendant's counsel offered in evidence the deposition of

Henry Yenne, who was one of the owners of the raft, to the admission of which the plaintiff objected. The notice under which this deposition and others were taken, had been given in the usual form, without naming the witnesses to be examined. Among other witnesses called in the course of the taking of the depositions, was Yenne, an owner of the raft. No objection was made, or noted, at the time. The plaintiff and his attorney being present at the taking of the depositions, proceeded to cross-examine Yenne as a witness. There was no notice before the taking of the deposition of the intention to examine Yenne as a witness, and there was no notice before the trial, either of the intention to examine Yenne as a witness at the trial, or to use the deposition as evidence, except so far as notice might be inferred from the taking and filing the deposition. No exception to the deposition was made and filed before the commencement of the trial.

GHOLSON, J., delivered the opinion of the Court.

The objection to the reading of the deposition is founded on section 313 of The Code of Civil Procedure. Section 310 provides that "no person shall be disqualified as a witness, in any civil action or proceeding, by reason of his interest in the event of the same, as a party, or otherwise, or by reason of his conviction of a crime; but, such interest or conviction may be shown for the purpose of affecting his credibility." Section 313 provides that "no party shall be allowed to testify by virtue of the provisions of section three hundred and ten, where the adverse party is the executor or administrator of a deceased person, when the facts to be proved transpired before the death of such deceased person; nor shall he testify, unless he give

reasonable notice of his intention so to do, to the adverse party, his agent, or attorney." The point was not controverted during the argument, and we see no reason to doubt that the owner of a watercraft, in a proceeding under the Common Carrier act, stands, in respect to a question as to the admissibility of testimony, in the same position as if he were named as a party on the record. We are also satisfied, that the notice required by the last clause of section 313, must precede the taking of the testimony. If, under a general notice that sundry witnesses are to be examined, a party is called and examined in the absence of the adverse party, his agent, or attorney, no subsequent notice of an intention to use such deposition on the trial, could be considered a proper compliance with the requisition of section 313, which provides that he *shall not testify*, unless he give reasonable notice of his intention so to do.

The deposition, therefore, of the owner, could not have been properly admitted, unless the plaintiff, by being present at the time of the taking of the deposition, and proceeding to cross-examine without objection, must be considered as having waived the right to any previous notice; or, unless the plaintiff has lost the benefit of any exception to the deposition, by virtue of section 356 of the Code, which provides that "no exception, other than for incompetency or irrelevancy, shall be regarded, unless made and filed before the commencement of the trial."

The right to take testimony by deposition, is founded on statutory enactment; and express provision is always made, not only requiring a previous notice of the true time and place of the taking of the deposition, but generally regulating the length of time which shall be allowed

between the giving such notice, and the taking of the deposition. And yet, under such statutes, it has been decided, as often as the question has arisen, that where there is an appearance by the party or his attorney, at the time and place of taking the deposition, and a cross-examination, without objection, it is a waiver of any irregularity in giving notice, and indeed dispenses with the necessity for notice.

8   *Blackf.* 443: 32 *Maine* 179: 12 *Ill.* 267: 4 *Ired. Eq.* 427:

2   *Bibb*, 316: 4 *English* 418: 17 *Ala.* 74:

17 *Penns'a St. R.* 143: 5 *S. & M.* 379.

No good reason can be given why the same rule should not apply to the notice required by section 313 of the Code. It is a right introduced for the benefit of the party, and not a rule required by the policy of the law; and a right of that description, according to the general principle, may be waived, or renounced, by him for whose benefit it was introduced. The doctrine of waiver, that is, "the passing by of a thing," is of very general application in judicial proceedings. It is founded on the maxim that "the acquiescence of a party, who might take advantage of an error, obviates its effect." (Broome's Legal Maxims, 59.)

But, it is said, the objection could not have been made before the notary or officer taking the deposition, because, he would have no right to decide on the question. The same difficulty would occur as to any case in which an informal, or irregular notice of the taking of the deposition of a witness, had been given. The principle on which the waiver rests, is the acquiescence; the proceeding in the case as if all the prior steps had been regular. And

although the officer, taking the depositions, might have no authority to decide on any objection, that certainly is no reason why it should not have been brought to the notice of the other party; nor could there be any objection to the making note of it in the deposition. What would be the effect of proceeding to cross-examine after making the objection, we need not decide in this case.

It may be further observed, that in the present case it appears that the plaintiff was himself present at the examination of the owner of the water-craft. The reason on which the requisition of notice in section 313 is founded, must be, to enable each party to meet by his own statement the statement of his adversary. To do this properly, it may be important to hear the statement as delivered. Every possible advantage, which the reason of the law requires, was given to the plaintiff. He heard the statement of his adversary, and might have made his own.

The other question which arises in this case, is whether the exception is one for incompetency?

The exception in form has nothing to do with the character of the witness. It is not the notice which qualifies, nor the want of notice which disqualifies the witness. His being party to the suit had been a disqualification, but section 310 of the Code says it shall be so, no longer.

Section 314 of the Code prescribes what persons shall be deemed incompetent to testify, and it would seem that section 356, so far as it refers to persons, should be construed in reference to the classes enumerated in section 314, and not to parties to suits who are not named. It is said that in the first clause of section 313, there is a

3

class of parties who are left incompetent and disqualified notwithstanding section 310—those whose adversaries happen to be executors or administrators—but that clause has no reference to the character of the party as a witness generally, but only in respect of particular facts. It is a clause which stands on a different ground from the last clause in the same section. It is intended rather to carry out a policy of the law, than to secure a right to the party. If evidence disallowed by the first clause were offered, it might well be rejected by the Court, though no objection were offered by the executor or administrator. The clause is intended to protect the estates of decedents, and it would be the duty of the executor or administrator to object. Under the last clause it is very different; no duty is imposed on the Court or the party. If a party were called to the stand in an ordinary case, and in the absence of any objection from the adverse party, the judge presiding at the trial were to interpose, and arrest the testimony until a reasonable notice were proved, it would be considered a strange interference if, indeed, it would not be considered erroneous and illegal; whereas, if an executor or administrator should so far forget his duty as to allow the other party, when called as a witness, to commence testifying as to facts which transpired before the death of the decedent, it would not only be entirely proper, but it would, perhaps, be the duty of the judge to interfere. The distinction in this respect between the two clauses of the section is very manifest. We cannot consider, as claimed for the plaintiff, that the last clause is to be considered as a condition precedent to the competency of the party. It is intended to secure to each party an equal opportunity to offer in evidence his state-

ment as to the matter in controversy. It in no manner affects the competency of a party as a witness, but only regulates the mode in which his evidence shall be introduced.

On either of the grounds which have been stated, the deposition was properly admitted, and the judgment at the Special Term must be affirmed with costs.

Judgment affirmed.