ALEXANDER and Others *v.* FRARY.

A guardian *ad litem* may be appointed for an infant defendant, though he have a guardian regularly appointed by the same Court, living within the jurisdiction.

In a proceeding against infant heirs to foreclose a mortgage, their guardian need not be made a party.

And upon appeal from a decree against infants in such case, if the evidence is not made part of the record, this Court will presume in favor of the Court below, that the decree was made upon proper proof; and not in favor of the infants, that no proof was made, because none appears.

*Ward* v. *Kelly*, 1 Ind. R. 101, and *Driver* v. *Driver*, 6 *id.* 286, overruled as to this point.

The Courts will so far protect an infant defendant, as to see that he is properly served with process, that a guardian *ad litem* is appointed, and the formal answer filed for him.

When this is done, the infant may defend by attorney, and he stands in Court upon the issues made, like any other defendant; and it is for him to move for a new trial, and to put the evidence in the record, if he wishes to raise a question upon it on appeal.

A personal judgment against heirs, in a proceeding to foreclose a mortgage, is erroneous, if the record do not show that they had received assets from the mortgage-debtor other than the mortgaged premises.

APPEAL from the *Johnson* Court of Common Pleas.

STUART, J.—Complaint by *James Frary* against *Mary Alexander*, to foreclose a mortgage. The note was for 450 dollars, waiving appraisement. During the pendency of the suit *Mary Alexander* died, leaving the present defendants her heirs, who were made parties by supplemental complaint. Decree of foreclosure, with the further order that in case the mortgaged premises did not sell for sufficient to satisfy the judgment, then that execution issue against the defendant's personal property. The heirs appeal.

Such errors as are properly assigned, will be noticed in their order, premising that the evidence is not in the record, and that two of the *Alexanders* were minors.

"1. The Court erred in appointing a guardian *ad litem*, when it was shown that the minor defendants had a guardian regularly appointed by the same Court, and living within its jurisdiction."

There is nothing in the objection. The statute provides that an infant defendant shall defend by guardian. 2 R.

*Friday,*
*November* 27.

S. p. 29, s. 13. And it is further provided that all Courts shall have power to appoint a guardian *ad litem*, to defend the interests of any minor, &c. 2 R. S. p. 324, s. 8. Nor in the subsequent section, enumerating the duties of guardian generally, is that of defending suits where the infant is defendant, specified. *Id.* s. 9. Besides, for anything appearing in the record, the regular guardian may have been interested, or otherwise disqualified to act. This would be presumed, if necessary to sustain the ruling below.

But there is a fatal defect at the bottom of the appellant's whole case—there is no exception taken to any ruling of the Court. The clerk recites sundry motions and affidavits, &c., and that the appellants excepted. But these are no part of the record. The cases where simply excepting is sufficient, and where it is necessary to file a bill of exceptions, are very clearly distinguished by the statute. 2 R. S. p. 116, ss. 345, 346, 347. Several of the points assigned for error could properly appear in the record only by bill of exceptions, as at common law.

2. It is insisted that the general guardian should have been made a party. The infants alone were necessary parties. 8 Blackf. 301.—7 Ind. R. 224.

3. The Court erred in rendering judgment against the adult defendants without notice.

The record shows they were all served.

4. The Court erred in rendering judgment against the infants without proof.

The cause came to trial by the Court, to assess the amount due as to the adults, who were defaulted, and to try the issue on the answer of the guardian *ad litem*, denying all the matters alleged in the complaint, and demanding proof. The result of the trial was the judgment already announced. How, then, does the case stand here?

As the record is silent upon the evidence, what are we to presume? that the Court acted properly upon evidence adduced on the points in issue? or are we, in favor of the infants, to presume there was no evidence offered, because the record shows none?

The case of *Ward* v. *Kelly*, was similar to the present—

Nov. Term,
1857.

ALEXANDER
v.
FRARY.

a foreclosure against infants. It was held necessary to prove the exhibits, and that the record should show such proof. 1 Ind. R. 101. And in support of this position, *Gallion* v. *McCaslin*, 1 Blackf. 95, note; *Pell* v. *Farquhar*, 3 *id.* 331; and *Fellows* v. *Shelmire*, 5 *id.* 48, are cited. In 1 Blackf. *supra*, there is nothing in the case itself, or in the notes, relating to infancy. In *Pell* v. *Farquhar*, the question of infancy is in nowise involved. It is simply decided that in chancery causes, on appeal or error, the record must contain all the evidence. This has always been the chancery rule, without reference to infants. 1 Blackf. 95.—3 Ind. R. 496.—8 Blackf. 189.—6 Ind. R. 71.—*Morgan* v. *Snapp*, 7 Ind. R. 537.—*Egbert* v. *Rush*, 7 Ind. R. 706. In 5 Blackf. *supra*, there is not a word about infants. The bill is held bad for want of certainty, and hence, that the plaintiff was not entitled to a decree without proof. In *Campbell* v. *Campbell*, 1 Ind. R. 220, it is held that the answer to a cross-bill is not evidence against infant defendants. In *Hough* v. *Doyle*, 8 Blackf. 300, it is held that the admission of the guardian *ad litem* that the bill is true, is no evidence against an infant. Infants are not bound by admissions. Hence, because it appeared in the record that the Court, without hearing any evidence whatever, decreed against the infants, the decree was reversed. In *Hough* v. *Canby*, *id.* 301, the decree was reversed for a similar reason—no evidence being adduced on either side. In *Knox* v. *Coffey*, 2 Ind. R. 161, the bill was taken as confessed against the infants, over the answer of his guardian, without evidence, and hence held erroneous. The case of *Wells* v. *Wells*, 6 Ind. R. 447, shows that there was no process served on the infant, and no proof. The reversal in the latter case should have been placed on the want of service alone. The other point was not in the case.

In all these cases, it either clearly appears upon the face of the record, or is necessarily implied, that there was no trial. They were chancery cases in which decrees were taken *pro confesso*, or in probate.

It is true, the proceeding at bar would have been a chancery case under the old practice, and thus analogous to

those cited. But the new practice has done away with the distinctive features of the chancery practice, in the only particulars in which it is to be distinguished from a suit at law. Instead of a hearing by the chancellor, it is a trial by jury, or by the Court acting as a jury. In such cases, the verdict, or finding, as the case may be, has always been presumed in this Court to be upon sufficient evidence. Nor are we aware of any case in our own or any other reports, where the record showed the infant properly in Court, on a question triable by the course of the common law, the issues made, tried and determined against the infant, in which the Courts have reversed the judgment because the evidence against him was not in the record. The distinction between law and equity is recognized in 2 Ind. R. 197.

Take the case at bar. The complaint states the grounds of recovery against the ancestor. The infants, by guardian, deny the several allegations, and require proof. The infants were properly in Court, and could have defended further by attorney. *Doe* v. *Brown*, 8 Blackf. 443. In that case this Court says, after the appointment of the guardian *ad litem*, the relation of their attorney to the infants was the same as it would have been to adults. Nor does this doctrine at all conflict with the cases in this Court holding that the infant cannot appear or plead by attorney. 6 Ind. R. 8.—*Id.* 56. The ground is, that after a guardian *ad litem* is appointed, he aids the infant in selecting counsel and conducting the defense.

That it is the employment of the infant, is evident from the fact that the infant, and not the guardian, pays such attorney. The legal services are in such cases necessaries.

In this instance, when the infants were in Court, a guardian *ad litem* appointed, their right to appear by attorney ripened, their answer in, putting the complaint in issue, and the cause for trial submitted to the Court, a jury being waived; what, in the absence of any evidence in the record, is the presumption to be indulged? In favor of the infant, that the Court acted without evidence? or in favor of the action of the Court, as in other cases?

Clearly the latter. The more especially, when we con- sider that the infants were, in this instance, wards of the Common Pleas Court of *Johnson* county. For it appears by the record, informally, indeed, that a general guardian had been appointed for the infants *Alexanders* by that very Court.

The law indulges liberally in presumptions in favor of infancy; but the Courts are not to extend those presumptions so far as to place in the infant's hands "a sword instead of a shield." When he has every advantage allowed him which an adult could claim, that is all that could be asked, or ought to be conceded, unless we return to the absurd practice of allowing the infant to delay the proceedings until he arrives at maturity.

There are cases, however, where this Court has indulged presumptions against infants. To enable infant defendants to plead, answer, or demur, process should be served upon them as though they were adults, and a guardian *ad litem* should be appointed. 8 Blackf. 301, *supra.* And in a subsequent case it was held, that if, after such appointment, an attorney appear for them, it will be presumed he was properly authorized to do so. *Id.* 443. So, where the legislature authorized a female at the age of eighteen to contract to marry, it was further presumed she was competent, even while an infant, to release such contract. *Develin* v. *Riggsbee*, 4 Ind. R. 464. In another case, process was ordered, and at a subsequent term a guardian *ad litem* was appointed: it was presumed, in a collateral proceeding, that the infants were regularly in Court. 7 Ind. R. 383. So, also, in *Horner* v. *Doe*, it is held that where the record simply recites that on motion, without specifying on whose motion, a guardian *ad litem* was appointed, this Court would presume the minors were personally in Court. 1 Ind. R. 130.

The case of *Ward* v. *Kelly*, *supra*, declaring that because there were infant defendants, therefore the record must show the evidence on which the decree passed, is not sustained by the authorities. The true position of that and all the other cases is, that because they were chancery

Nov. Term,
1857.

ALEXANDER
v.
FRARY.

cases, therefore the evidence must appear in the record. The same error was committed by the judge who delivered the opinion in *Driver* v. *Driver*, 6 Ind. R. 286, by following what he supposed to be the rule, without looking into the authorities, or stopping to consider the reason of the thing.

A word as to the principle involved. An infant is liable for necessaries, even at common law. Co. Lit. 172.—9 Wend. 238.—2 Kent's Comm. 239. In a suit and recovery against the infant at law, it would be sufficiently preposterous for the plaintiff to put the evidence in the record. He would move the Court for a new trial, intimating his wish to have it overruled, that he might except, and place the evidence in the record in anticipation of the infant's appeal!

The law requires no such absurd and useless procedure.

We take the true ground, as deduced from the cases cited, to be this: The Courts will so far protect the infant as to see that he is properly served with process; that a guardian *ad litem* is appointed for him, and the formal answer filed. That answer is equivalent to the denial of the plaintiff's case. It is not to be presumed that a recovery has been had against him without proof.

Thus protected, the infant may defend by attorney. He stands in Court on the issues made, like any other defendant. If he is in Court as a debtor for necessaries, the only additional proof to that which would be required in other cases, is that which relates to his infancy, viz., that the goods sold him were necessaries proper for his condition.

In this view of the case, it is for the infant, under the advice of his guardian and his attorney, to move for a new trial, and put the evidence in the record in the usual manner. And under the new practice, this rule holds whether the proceeding be, in its nature, legal or equitable. There is now no distinction.

Had the case at bar been against adults only, and the general denial in, the note and mortgage would ordinarily have been the only evidence required. What more could be necessary where infants are defendants? Nothing more;

for it cannot be pretended that the execution of the note and mortgage must in such cases be proved, unless such execution be formally denied under oath.

In judgments against adults, where the evidence is not in the record, we daily presume in favor of the action of the Court. So when the infant is in Court, protected as the statute contemplates his inexperience should be by his guardian *ad litem* and his attorney, the same presumption must arise.

Under the issues, the plaintiff need only offer his note and mortgage in evidence. If in point of fact they were not offered on the trial, the proper mode of presenting that point, even under the old practice, was by bill of exceptions. *Brown* v. *Woodbury*, 5 Ind. R. 254.—*English* v. *Roche*, 6 *id.* 62.—*Gafney* v. *Reeves*, *id.* 71.

Neither the adults nor the infants having moved for a new trial, nor in any other statutory mode made the evidence a part of the record, we must presume all things rightly done in the Court below.

The personal judgment against the heirs is erroneous; for there is nothing in the pleadings, and hence we cannot presume there was anything in the evidence, to show that the heirs had ever received anything from their mother, *Mary Alexander*, only the mortgaged premises. Nor would we be understood to intimate anything as to such a mode of recovery. It is enough that the plaintiff was not entitled to such a judgment against the heirs in this proceeding.

As this was a money demand upon which the defendants below availed themselves of a supersedeas to stay proceedings and delay the collection, the complainant is entitled, under the statute, to some damages.

*Per Curiam.*—The judgment of foreclosure is affirmed, with 1 per cent. damages; the personal judgment against the defendants, for the residue after sale of the lands mortgaged, is reversed at the costs of the appellee.

*W. F. Pidgeon*, *G. M. Overstreet*, and *A. B Hunter*, for the appellant.

*S. P. Oyler*, for the appellee