Board of Trustees v. Baker.

## BOARD OF TRUSTEES

### v.

### JAMES D. BAKER ET AL.

*School Funds—Loan—Security—Duty of Township Treasurer—Action on Official Bond—Estoppel.*

1. The power to determine the validity and sufficiency of the required security for school funds loaned, is vested by Sec. 57, Chap. 122, R. S., in the township treasurer.

2. In an action on the official bond of a township treasurer, the breach assigned being the failure of the principal to take sufficient mortgage security for school funds loaned by him, it is *held:* That a plea to the effect that the loan was made upon said security at the request of the Directors constitutes no defense; and that the district is not estopped by the unauthorized acts of its officers.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. W. C. KUEFFNER, for plaintiff in error.

A "request" by the Board of Education on the treasurer to loan district funds on insufficient security, does not protect him. The Board of School Directors, though a corporation, are possessed of certain special defined powers and can exercise no others, except such as result, by fair implication, from the powers granted. As a corporation they are but the agents of the taxpayers and inhabitants of the district in which they are organized. Every official act performed by them is for their constituents, these inhabitants and taxpayers, and, for doing this act, they must show, when questioned, their authority. Glidden v. Hopkins, 47 Ill. 525; Wells v. The People, 71 Ill. 532; Newell v. School Directors, 68 Ill. 514.

"These bodies can exercise no other powers than expressly granted, or such as may be necessary to carry into effect a granted power. And it is fortunate for the people this power is so restricted." School Directors v. Fogleman, 76 Ill. 189.

"A 'request' to loan district school funds, not signed by a majority of the Board. nor by the officers of the Board, and not entered on the journal, is no valid document for any purpose." Glidden v. Hopkins, 47 Ill. 525.

Messrs. MARSHALL W. WEIR, DILL & SCHAEFER, and WILDERMAN & HAMILL, for defendants in error.

Mr. Baker is not charged with knowing, or even suspecting, the security was not sufficient. A treasurer can not, from the nature of things, know the value of all the real estate that

may be offered as security for loans. It may frequently happen that personally he knows nothing of the value of land offered. In such cases he must inform himself by the means usually employed for that purpose—the judgment of other men. Men equally competent to judge differ widely in their estimates of the value of a given tract of land. The members of a School Board are presumed to be men of average intelligence. In this case the Board took it in hand to examine the security; they report it "ample," and being officers under the school law, they know what security is required; by the word "ample" they must be understood to mean "what the law requires."

If the matters stated in the third plea are true—and they are admitted to be—it would be an act of injustice, we submit, to hold the treasurer liable for any loss that may have resulted from the loan. After examining the land and pronouncing it ample security, and directing the treasurer to make the loan, it certainly does not lie in their mouths now to say, that the treasurer had no business to make the loan, especially when they would thus entail a loss on the treasurer who acted in the utmost good faith on their directions.

WILKIN, J. This was a suit below on the official bond of defendant in error, James D. Baker, as Township Treasurer, to recover certain funds belonging to school district number three in his township. The breach assigned in the declaration is, that there came to the hands of the said Baker as such treasurer, money belonging to said district three; that it was his duty not to loan the same except on mortgage security on unincumbered real estate in value at least double the amount of money loaned; that in violation of that duty he did, on the 28th of November, A. D. 1881, loan of said funds of said district three, to one Silas Smith $3,500, and took no other security, except a note of said Smith, secured by mortgage of said Smith and wife on the undivided one-half of 200 acres of land, which was not then, and has not since been, equal in value to double the amount of money so loaned on it; that said mortgage has been foreclosed and the mortgage property

sold thereunder for the sum of $2,500, leaving a large amount of said loan unpaid and which remains unpaid; by means whereof the said district three has been, and is deprived of said money.

To this breach defendants in error filed, among others, this plea.

"That before making said loan to said Silas Smith as aforesaid, the Board of Education of said district number three made and delivered to the defendant Baker a request in writing to loan said sum of $3,500 to said Silas Smith on said real estate security, which request was in the following words and figures, to wit:

" 'LEBANON, ILLINOIS, November 5, 1881.

" 'J. D. BAKER, Treasurer of School Fund, Town two North, Range six, West.

" '*Dear Sir:*—Mrs. Hoffman wishes to borrow $2,000. Will give real estate security in Clinton County. Silas Smith also wishes to borrow $3,500 ; will give real estate security in this county. The security in each case we think is ample, and as our district has a surplus fund on hand we most respectfully request you to make the above loan at six per cent. per annum for the term of three years.

J. M. CHAMBERLAIN,
LUTHER BROWN,
JOHN LUPTON,

Members Board of Education, School District No. 3.'

"That said request was given at the direction of said Board, and after said Board had, through a committee of its members, inspected said Smith's land; and that said Baker made said loan upon and by virtue of said written request; and that the security referred to in the foregoing request as to the loan of said Smith is the same land described in the plaintiff's declaration, and on which said mortgage was taken."

A demurrer to this plea being overruled, and plaintiff below electing to stand by the demurrer, final judgment was rendered against plaintiff, and the suit dismissed. It is here insisted that the court erred in overruling the demurrer to that plea, and that is the only question we are called upon to determine.

The duty of township treasurers as to the kind and amount of security to be by them taken upon the loan of money in their hands, is clearly defined by Sec. 57, Chap. 122, R. S.: "For all sums not exceeding $100, loaned for not more than one year, two responsible securities shall be given; for all sums over $100, and for all loans for more than one year, security shall be given by mortgage on real estate unincumbered, in value *double the amount loaned*, with a condition that in case additional security shall at any time be required, the same shall be given, to the satisfaction of the Board of Trustees for the time being. * * * Where there is a surplus of funds in the treasurer's hands belonging to any school district, he may loan the same for the use and benefit of said district, upon the written request of the Directors of said district, and not otherwise; *and all such loans shall be on the same conditions as are prescribed in this section for loaning township funds.*"

The plea admits the allegation in the declaration that the defendant Baker, in violation of this statute, as treasurer, did make the alleged loan, and failed to take a mortgage on real estate equal in value to double the amount of money so loaned, but which was of much less value, and seeks to avoid liability for such neglect of duty by averring that he acted in pursuance of the directions of the Board of Education of the district to which the funds belonged. There is no pretense of authority in law, to this Board of Education or Directors of districts, to determine what security shall be taken upon the loan of the district's funds. The statute clearly and explicitly imposes upon the treasurer the duty of making loans of such fund, upon request of the Directors, and commands him to take a certain kind, and in cases like the one in question, a certain *amount* of security. He can not relieve himself of liability for a neglect of that duty by following the directions of a body of officers having no authority to give such directions. In making this loan the statute required real estate security double in value the amount loaned.

If the Directors could bind the district in directing the loan to be made on real estate of less than double such value, why

could they not do so by directing it to be made on personal security? or if they had regarded Smith personally good, by directing it to be made without security? There is as much power in the Directors to dictate to the treasurer the kind of security he shall take, as there is to determine the amount in value to be given when a mortgage on real estate is taken.

Brandt, in his work on Suretyship and Guaranty, Sec. 476, says: "The sureties of a government or corporation officer are not affected by the unauthorized acts of other officers of the government or corporation." Among other cases he cites and quotes from Manley v. City of Atchison, 9 Kan. 358. The city ordinances of Atchison prohibited the City Treasurer from using or appropriating to his own use the city funds. The Mayor and City Council, by resolution, authorized him to use certain of such funds, paying interest therefor, and this action of the city officers was set up in defense of a suit on the treasurer's bond, charging him with such misappropriation. The defense was held unavailing and from the judgment below the treasurer and his sureties prosecuted a writ of error to the Supreme Court. Kingman, C. J., in rendering the opinion of the court, says: "The whole fallacy of the argument of the plaintiff in error lies in confounding the Mayor and Council of the city with the city itself."

The $1,000 which this plea admits was lost because sufficient security was not taken was the money of the district, not of the Board of Education. This suit is by the trustees for the use of the district to recover that loss. Therefore, all that is said by the defendant in error as to the bad morals of the Board of Education, and their stupidity in estimating the value of the security, is without force. The doctrine of estoppel has no application here. The case cited in 7 Ill. App. is clearly distinguishable from this, but as by statute it is only authority in that particular case it is unnecessary to comment upon its distinguishing features.

That public funds can only be loaned with safety to the interest of those to whom they belong by lodging the power to determine the validity and sufficiency of the required security in some officer to be held liable for losses resulting from the

abuse or negligent exercises of that power, seems too plain to admit of argument.

By the statute above quoted that power is vested in the township treasurer in loaning school funds of the various districts of his township, and no provision is found in the statute by which that responsibility can be shifted to others. It imposes no onerous burthen upon him.

Its requirements are plain and unequivocal. The statute told him just what the proportionate value of the security should bear to the amount of money loaned. In estimating the value of the real estate, he was only required "to act in good faith and with due caution and circumspection." The People v. Haines, 5 Gilm. 528; County of Green v. Bledsoe, 12 Ill. 267, 270. If he had done so, and acting on his own judgment and information believed that the mortgaged premises were of double the value of the loan, he would not be liable. *Ibid.*

By this plea no one believed it of any such value. The treasurer did not take it because he believed it of double the value of the loan, but simply because he was requested to do so by the Board of Education.

The third plea presents no defense whatever to the declaration and the demurrer to it should have been sustained. The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*