THE BOARD OF TRUSTEES OF TOWNSHIP 2 N., R. 6 WEST, ST. CLAIR COUNTY, FOR USE, ETC.,

v.

JAMES D. BAKER ET AL.

*School Funds—Loan—Security—Duty of Township Treasurer—Action on Official Bond.*

1. If a township treasurer, acting on the advice of members of the board of directors, but against his own judgment, lends money belonging to the school fund on less security than required by the statute, whereby it is lost, he and the sureties on his official bond are liable.

2. In an action against the treasurer and his sureties for such breach, it is error to allow witnesses to testify that they have never heard dissatisfaction expressed as to the security taken.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. W. C. KUEFFNER, for appellants.

Board of Trustees v. Baker.

Messrs. MARSHALL W. WEIR and JAMES M. DILL, for appellees.

GREEN, P. J.  This case was once before us upon the question of the sufficiency of a plea to which plaintiff demurred. The demurrer was overruled below, but this court held the plea bad and reversed the judgment.  The case is reported in 24 Ill. App. 231, and practically the same question there discussed is now presented, viz., the duty and liability of Baker as township treasurer in loaning money belonging to the school fund in a sum exceeding $100.  We adhere to what is said in the opinion upon that question.  "The *amount* of security is prescribed, viz., double in value to the amount loaned."  If at the time Baker made the loan he acted in good faith *and with due caution and circumspection*, and acting on *his own judgment* and information *believed* that the mortgaged premises were of double the value of the loan, he would not be liable.  The rule and doctrine embodied in the language quoted, finds support in decisions of our Supreme Court, in cases similar to this, wherein the duty of officers in taking security is fully explained and defined, and also the acts and omissions of the officer with respect thereto, which create liability upon his official bond.  In People v. Haines, 5 Gilm. 528, it appeared the school commissioner loaned the money for a longer period than one year, and took as security for the loan a mortgage on land to which the mortgagor had no title.  The court say, the intention of the law is, and so it is expressly declared, that all sums loaned for a longer term than one year, shall be secured by a mortgage upon real estate of value to double the amount of the loan, and further say, the loan was made to the borrower by the commissioner in palpable violation of his official duty.  It was for a longer period than one year, and a mortgage was taken upon a lot to which the mortgagor never had the shadow of a title, which, if the commissioner did not know, he might have known with the least attention; and it is also said in the opinion, if the commissioner by the use of due caution could have ascertained the fact from the public records, or any other accessible source

of information, he has violated the law, and is at once liable upon his bond. * * * If the commissioner acts in good faith and with due caution and circumspection, then he does his duty and incurs no responsibility; but if he loans the money in bad faith, or without such care and circumspection, then he diverts and misappropriates it, and is responsible at once for the full amount thus misappropriated.

This case has been cited and approved in County of Green v. Bledsoe, 12 Ill. 267, and The People v. Core, 85 Ill. 248.

The record in the case at bar clearly discloses these fact: that Baker, as township treasurer, gave his official bond in the form prescribed by the statute, with the other defendants as sureties, and while such treasurer, on November 28, 1881, loaned $3,500 of the money belonging to the school fund to Silas Smith as averred, taking as security a mortgage upon land in Silver Creek bottom, subject to overflow, and not then worth more than the sum loaned. The debt was not paid; the mortgage was foreclosed. By the decree $3,680.83 was found to be due and unpaid, and under it the land was sold for $2,500, leaving a balance of $1,000 principal and also interest and costs unpaid. But notwithstanding the fact that a loss was thus sustained, by reason of the insufficient value of the land mortgaged, and the further fact that at the time the loan was made the value of the land was less than double the sum loaned, it is insisted on behalf of appellees that it does not necessarily follow that Baker and his sureties became liable for this loss; and for the reason that Baker having complied substantially with the requirements of the statute in taking the security he did, and performed his duty in this regard as defined by the Supreme Court, he and his sureties are not liable for the loss so sustained. That court holds the provision of the statute fixing the *amount* of the security is complied with by the officer loaning the money, if, acting on *his own judgment* and information, and in good faith, he loans the money, *believing* at the time, the land mortgaged is in value double the amount of the loan; but the condition is added, he must act with due caution and circumspection and must avail himself of sources of information accessible to him to aid in arriving

Board of Trustees v. Baker.

at a correct estimate of the value of the land offered as security. It appears by the record that Baker at the time he loaned the money *did not believe* the land mortgaged was worth double the amount of the loan, and by a preponderance of the evidence it also appears he believed at that time, that the security was not even sufficient, and so informed the three directors who urged him to loan the money; but, as he says in his testimony, relying on the judgment of Brown, and the opinion he and the two other directors expressed, that the security was ample, he suffered his own opinion to be overruled, and evidently *did not act on his own judgment* as to the value of the land in loaning this money, nor did he act with due care and circumspection, and avail himself of the sources of information accessible to him. At the time he took the security he lived within two miles of the land; he had heard that land in the creek bottom was subject to overflow; he had formed an opinion that the security offered was insufficient, yet he testifies he never went onto the mortgaged premises, or examined the same, or inquired of any person living in the vicinity of the land as to its character or value, but, as he admits, he relied entirely on the judgment and opinion of the three directors, opposed as it was to his own, and made no further inquiry. Had he inquired of those likely to know, many of whom testified on the trial and resided in the vicinity of the land mortgaged, he would have been informed of its quality and real value and would have learned it was insufficient security for the loan. We can not hold, in view of all the facts, that Baker complied with the law and performed the duty required of him in loaning the money and taking the security for the loan, but find from the evidence he failed to do his duty and negligently took insufficient security, and thereby a loss accrued for which he and his sureties are legally liable upon his official bond. The court below erred in permitting witnesses to testify they never heard any dissatisfaction expressed in regard to the loan by any person. Such evidence might mislead, but could not enlighten the jury. Several of the instructions given for the defendants are obnoxious to serious objection in omitting the

element of *due caution and circumspection* necessary to the full performance of the duty required of the township treasurer. The Circuit Court erred *in giving* these instructions and in admitting the improper evidence mentioned. It was error to overrule the motion for a new trial made by plaintiff and to enter judgment on the verdict. For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*