Greenleaf v. Leach.

---

## ELIAS K. GREENLEAF v. ANDREW LEACH.

### IN CHANCERY.

Where the court of chancery order a master to ascertain and report the amount due upon a contract, and a report is made accordingly, to which no exceptions are filed, the supreme court, upon appeal from the final decree of the court of chancery, will not revise the decision of the master, as to any item of the account.

Notice to the solicitor of the defendant, in a suit in chancery, that the orator will apply to the chancellor on a day specified, for an injunction upon the defend-

ant against taking out execution upon a judgment at law, recovered by the defendant against the orator, of which notice it is not shown that the defendant had actual knowledge, is not sufficient to render the defendant liable to process for contempt, for taking out and levying such execution previous to the day fixed for the hearing of the application for the injunction.

APPEAL from the court of chancery. The substance of the bill and answer and the proceedings and decree of the court of chancery are sufficiently detailed in the opinion delivered by the court.

*Thrall & Pond* for orator.

*R. Pierpoint* for defendant.

The opinion of the court was delivered by

DAVIS, J. This case comes before us by appeal, by the orator, from the final decree of the chancellor, made in this county at the June Adjourned Term, 1846, ordering, in substance, that, upon payment of the sum due from the orator to the defendant, the latter should convey to the former certain land described in the condition of a bond, previously executed, with the exception of a certain portion, called the east pasture. It appears, that this piece was originally included in the contract between the parties, either through mistake, or for some other reason; and some two or three years afterwards it was verbally agreed, that this piece, containing, by measurement, forty nine and a half acres, should be considered as not included in the contract, and that the value, estimated at the same rate *per* acre that the orator was to pay for the entire tract, should be deducted from, or indorsed upon, the note given by the orator to the defendant. Under this verbal agreement the defendant resumed the possession of the pasture; but, some difficulties occurring in relation to the boundaries of the remainder, the arrangement was not completed, and the value was not indorsed upon the note. The defendant, soon after, commenced an action of ejectment against the orator and another person, for the whole land, and recovered final judgment for the possession, and for his damages and costs.

The orator, having made some payments on his note and some improvements on the land, brought this bill, praying for a decree, ordering, on payment of the sum due on the note, a conveyance of

Greenleaf v. Leach.

all the land described in the condition of the bond. The defendant's answer admits the contract, as set forth in the bill, but insists, that a mistake occurred in the description of the premises, by which the east pasture was erroneously included, and that the parties mutually agreed, afterwards, to correct the error and indorse $250,00 on that account upon the note,—avers that the orator has not fulfilled the contract upon his part,—and declares the willingness of the defendant still to deed the land, on payment of the sum due. This answer was traversed; and testimony was taken on each side. The decree of the chancellor proceeds upon the basis of the verbal agreement respecting the east pasture, and upon the successive reports of masters as to the sum due, and directs, that the defendant, upon payment of such sum, convey to the orator the remainder of the land.

It is not necessary to determine now, whether, as the orator did not pay the note according to its tenor, he had any valid claim to a specific execution of the contract. The defendant having, in his answer, expressly waived any advantages he might, upon general principles, be entitled to, by offering to deed on being paid the same due to him, we perceive no objections to the decree in this particular.

A question is made in respect to the sum of $72,00, deducted from an indorsement upon the note of $149, 23, on the ground that so much had been accounted for by settlement of accounts between the parties. This matter having been twice submitted to a master, and determined each time in the same way, we should not feel disposed, without the utmost assurance that he had committed an error, to interfere with it. Besides, there do not appear to have been any exceptions filed to the master's second report. Of course, this court, acting as an appellate court merely, can entertain no question of that kind.

Another question, of more importance, arises from the allowance against the defendant, in pursuance of the decretal order of the chancellor, of $75,00, as damages for disobeying an injunction, granted by the chancellor, against taking out a writ of possession on the judgment in ejectment, and $23,12, for costs on the proceedings for contempt.

It appears from the record of the proceedings, that an application for an injunction was made subsequently to issuing the subpoena,

and notice was issued, that the same would be heard on the sixth day of May, 1840. This notice was served on the sheriff of the county, who held the writ of possession, and on the defendant's solicitor; but no service was made on the defendant personally. On the day previous to the hearing the defendant caused his writ of possession to be executed, by removing the orator, with his family and effects, from the possession of the premises, and at the same time committing the orator to jail for non-payment of the damages and costs recovered in the action of ejectment. On the day of hearing the chancellor awarded an injunction; which was duly served on the defendant, personally, May 7, 1840. An application for an attachment was made immediately after, and notice given; and all that appears in reference to the hearing, which was May 11, 1840, is an order, that possession of the land be restored to the orator, and that it be referred to a master to ascertain what damages the orator sustained in consequence of the execution of the writ of possession, and the cost of commitment,—to report, without prejudice, subject to the future order of the chancellor; and the question, whether any contempt was committed, was deferred until the final hearing. The master reported the damages at seventy five dollars; and we find no farther proceedings in relation to the question of contempt, except that the damages and costs, as before mentioned, are, in the final decree, charged against the defendant and deducted from the debt and costs found due to him. We think this was irregularly done.

It is unnecessary, at present, to decide the question, debated at the bar, whether the defendant could be pronounced guilty of violating an injunction in anticipation. No precedent has been, and I presume none can be, produced, for such a proceeding. A peremptory injunction might have been granted at first, without an order *nisi;* and after personal notice thereof, any proceedings, like those adopted in this case, by the defendant, would have rightfully subjected him to an attachment. But it is difficult to see, how a party can be guilty of disregarding an order not yet made, and which may, or may not, be made. Waiving this point, however, we are satisfied, that the defendant could not be found guilty of contempt, in disregarding a notice, of which, for aught that appears, he may have been entirely ignorant.

Greenleaf *v.* Leach.

For the purpose of determining the question, whether an injunction should, or should not, be granted, notice to the solicitor was notice to the party; but in this aspect of the matter notice to his solicitor is not sufficient, unless it be carried home to the party, personally. 4 Paige 405. The proceeding is, in its nature, a criminal one. If found guilty, the party may be subjected to a penalty, to damages and to imprisonment. These serious consequences should not be visited upon any one, without full proof of a knowledge of the existence of those proceedings, which the party is accused of disregarding.

The proceedings for the supposed contempt are manifestly irregular, and show no sufficient ground for supposing that any contempt was intended, or committed. There was not the usual affidavit, accompanying the application for an attachment, showing what acts the defendant had committed, which were relied upon as being a contempt. No inquiry appears to have been made of the defendant, by interrogatory, or otherwise, then, or afterwards. It is true, the question was not definitively determined at the time of the reference to the master, but was reserved until the final hearing; and then nothing appears distinctly as to the course of proceeding in reference to this subject. The case was debated by counsel upon the bill, answer, evidence and master's report in reference to damages, and without any formal statement, whether the defendant was, or was not, found guilty of contempt, or whether any, or what, course of inquiry was adopted, to ascertain that fact ;—we are merely informed, that a master was directed to ascertain the sum due from the orator, and to deduct from that sum the damages reported by the first master and attending costs ; and this being done, a decree was made upon that basis.

For these reasons, the decree of the chancellor must be so far altered, as to strike out from the amount, with which the defendant is charged, the said sum of seventy five dollars, damages, the interest thereon, and the costs of the proceedings for contempt. In all other respects the decree must be affirmed. The time limited in the original decree, for the payment of the sum due by the orator, having expired, the chancellor is directed to farther alter the decree by specifying some future day for such payment, as he may think reasonable.