### Doe on the Demise of White *v.* Scoggin and Others.

Ejectment. The defendant offered in evidence a transcript of a record of a partition suit, which was objected to. The transcript showed two affidavits of the editor of the newspaper in which notice was published, the first stating that publication was made three weeks, and the second, that it was made five weeks. The second affidavit was not copied into the record for several years afterwards, and was inserted into the record by order of the Court, *nunc pro tunc*, to correct an alleged mistake in the first affidavit as to the time the notice had been published. The transcript showed that there was an appearance on the part of the defendants to the partition suit. One of the defendants was an infant and first appeared by attorney, and the transcript shows that he had a guardian. *Held*, that the objection was correctly overruled, and that the appearance of the infant by attorney was not objectionable.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was an action of ejectment on the demise of *Thomas J. White*. The heirs of *Eli Scoggin* were the defendants. The suit was brought for an undivided fifth part of a certain quarter section of land situate in *Dearborn* county. Plea—not guilty. The cause

was submitted to the Court, and judgment rendered for the defendants.

The parties all claim under one *Alexander White*, deceased. The lessor of the plaintiff relies for his right to the land sued for, on the ground that he is one of the five heirs of said *Alexander White*. The defendants claim the land in consequence of a purchase thereof at a sale ordered by the Circuit Court in a partition-suit brought by some of the other heirs of said *Alexander White*.

On the trial, the plaintiff proved a *prima facie* right to recover.

The defendants offered in evidence a transcript of the record of said partition-suit. The plaintiff objected to the transcript as evidence, on the ground that the notice of the application for partition had been published for only three weeks. The objection was overruled, and the transcript received in evidence.

The admission of this transcript in evidence is the only error assigned.

The act of 1831, under which the petition for partition was filed, required notice of the application to be published for, at least, four weeks. R. C. 1831, p. 387. There are in the transcript two affidavits of the editor of the newspaper in which the notice was published; the first stating that the publication was made three weeks, and the second, that it was made five weeks. The second affidavit, however, was not made and copied into the record until several years after the trial. The second affidavit was, by order of the Court, inserted in the record *nunc pro tunc*, to correct an alleged mistake in the first affidavit as to the time the notice had been published.

The transcript of the partition-suit, which shows that the petition was filed in the clerk's office of the Circuit Court in vacation, contains the following entry made at the next term of the Court: "And whereas afterwards, to-wit, on *Monday*, the 25th day of *March*, 1833, being the first juridical day of the *March* term, 1833, come the parties by their attorneys, and, on their agreement, notice of this motion is now entered, and the Court will hear the

May Term,
1850.

ELDER
v.
ROBINS.

said petition and notice during the present term."
Again: At the term next after that in which said entry
was made, there is the following entry: "And whereas
afterwards, to-wit, on *Thursday*, the 3d of *October*, 1833,
being the ninth juridical day of the *September* term, 1833,
before the judges aforesaid, in chancery sitting, come the
parties, and thereupon also comes the said *Arthur St.
Clair Vance*," &c., commissioner, &c.

What would have been the consequence, had said ap-
pearances of the defendants not been entered in the par-
tition-suit, we shall not stop to inquire. None of those
defendants, at all events, after said appearances, can ob-
ject to the proceedings in that suit, on account of their
want of notice. It is true, the present lessor, who was
one of the defendants in the partition-suit, was an infant,
and the first appearance was by attorney. The record of
that suit, however, shows that this lessor had a guardian;
and his appearance, therefore, by attorney, is not objec-
tionable. *Doe* d. *Martin* v. *Brown et al.*, 8 Blackf. 443.
The second appearance must, of course, be considered
legal.

We think, therefore, that the objection to the transcript
of the record of the partition-suit was correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*D. S. Major*, for the plaintiff.

*J. Ryman*, for the defendants.

*J. S. Scobey*, for the plaintiffs.

*A. Davison*, for the defendants.