## The State of Mississippi *v.* James D. Nichols.

1. Sheriff : Deputy sheriff, liability of, to penalty for five hundred dollars for false return on process.—Art. 120, p. 123, of the Rev. Code, which provides that "if any sheriff or his deputy, coroner, or other officer, shall make a false return on any process, such sheriff, deputy, &c., shall, for every such offence, be liable to pay the sum of five hundred dollars, &c.," to be recovered on motion; and notice given "to such sheriff, deputy, &c.," creates a penal offence against the officer committing the act, and renders him individually liable for it; and the sheriff and his sureties are not liable on motion under that Article for a false return made by his deputy : whether they would be liable in an action on the sheriff's official bond—*Quære?*

2. The state : is a plaintiff and entitled to all legal remedies as such.—The State of Mississippi is as properly a plaintiff in a prosecution or suit instituted in her name as a private individual, and hence is entitled to all the remedies provided by law for plaintiffs against sheriffs or other officers for misconduct in the execution and return of process.

Error to the Circuit Court of De Soto county.   Hon. John F. Cushman, judge.

*T. J. Wharton,* attorney-general, for the State.

*H. W. Walter,* for defendants in error.

HANDY, J., delivered the opinion of the court:

This was a motion entered against a sheriff, under the provision of the statute, Rev. Code, 123, Art. 120, for a false return made on process in his hands, issued against a party charged with a misdemeanor. It appears by the record that the alleged false return was made by the sheriff's deputy, and the motion thereupon was made against the sheriff and the sureties on his official bond.

Several questions of but little importance are raised. But two points are presented involving the construction of the statute, which are worthy of consideration. The first of these is, whether, the false return having been made by the deputy, the motion should not have been made against him, and does not lie, in such case, against the sheriff.

The preceding section of the statute, Art. 115, provides that " all sheriffs shall be liable for the acts of their deputies, and for money collected by them on executions, whether the same shall have come to the hands of such sheriff or not." This provision appears to have reference to such acts of deputies as, under then existing rules of law, rendered them liable in the course of official duty to parties injured thereby, and to render the sheriff liable for all such acts. But the subsequent Article under which this motion was made proceeds to provide a specific remedy for a false return on process, to make that the subject of a penalty, having reference particularly to the individual making the false return, whether " sheriff or his deputy, coroner or other officer." This was a new remedy to which neither the sheriff nor the deputy was liable before the enactment of this provision; and although the sheriff, under the provision of the preceding Article, might have been liable for the act of his deputy in making the false return, yet it depends upon the terms of this Article whether he would be liable for the same on motion.

The terms of the Article appear clearly to indicate that the penalty prescribed was intended to be enforced against the indi-

vidual who committed the act of violation of official duty. They are, that "if any sheriff, or his deputy, coroner or other officer, shall make a false return on any process, *such* sheriff, deputy, &c., shall, for every such offence, be liable to pay the sum of five hundred dollars," &c., to be recovered on motion and notice given " to *such* sheriff, deputy," &c. This creates a penal offence against the officer committing the act, and renders him individually liable for it. It was doubtless intended to promote individual fidelity on the part of the officer acting, by rendering him liable to the remedy; and being a penal statute, it should not be extended to others not clearly within its scope.

Under this view, the motion was not maintainable, and the judgment is correct.

The other point is, whether the remedy provided extends to process in which the State of Mississippi is a party, and on which a false return has been made.

We perceive nothing in the statute showing that the State is not entitled to the remedy. It is said that the language—that one-half of the penalty should go " to the plaintiff in such process" and the other half to the county—is not applicable to the State. But the State is as properly a *plaintiff* in a suit or prosecution instituted in her name and in her behalf as is a private individual. She is a party to the suit and institutes her *complaint;* and the form of the proceeding does not deprive her of the character of a plaintiff.

Judgment affirmed.