### STATE, USE LAFAYETTE COUNTY, *v.* J. M. HALL ET AL.

1. OFFICIAL BOND.   *County treasurer. Forfeitures. Liability of sureties.*
   The sureties on a county treasurer's bond are not liable for the forfeitures prescribed against him by code 1880, § 369, for failure to make reports to the board of supervisors. *State* v. *Nichols*, 39 Miss. 318; *State* v. *Baker*, 47 Ib. 317.

2. SAME.  *Breach. Damages. Proximate cause.*
   Sureties on the general bond of a county treasurer cannot be charged with liability by an averment that he had mingled school funds, for which he had given no bond, with general county fund, and had then embezzled, and that his failure to make monthly reports had resulted in loss to the county, by enabling him to continue his embezzlements until it became impossible to tell from which of the funds the amount was taken. Failure to make reports, though a breach of official duty, cannot be deemed the proximate cause of the loss.

FROM the circuit court of Lafayette county.

HON. JAMES T. FANT, Judge.

The opinion states the facts.

*Phil. A. Rush* and *Edward Mayes*, for appellant.

The bond was liable for the forfeitures prescribed by § 369 of the code. It is competent for a statute to make the sureties liable for penalties. *Cox* v. *Ross*, 56 Miss. 481; *Dailey* v. *State*, 56 Ib. 475; *Beall* v. *Shattuck*, 53 Ib. 358. *State* v. *Baker* is not an authority against appellant. That was a case of malfeasance. This one of non-feasance.

At common law the whole penalty was recoverable for any breach. 2 Black. Com. 341; *Clark* v. *Barnard*, 108 U. S. 436. Equity, however, began to relieve against this rigor by allowing only the actual damage to be recovered. Sureties cannot complain

if the recovery be fixed at $200 instead of the whole penalty. *Lewis* v. *State*, 65 Miss. 468.

The purpose of § 369 was to guard against just such embezzlements as this. In view of the great public interests involved in making such reports, the legislature might well have left the full penalty of the bond to be collected for such failures to report. However, the sum of $200 was fixed as agreed statutory damages. For such damages the sureties are liable.

Sureties are never liable for fines imposed on the officer as an individual; but the $200 fixed by § 369 as liquidated damages is not in any sense a fine. It must be recovered by suit. The bond was given to insure performance of official duties, and among them the duty to report monthly was plainly included.

The measure of the liability of the sureties is the judgment against the principal. 10 La. An. 261; Ib. 284. The twelve per cent. penalty for failure to pay over school fund is recoverable from sureties of a treasurer. *Tappan* v. *People*, 67 Ill. 339. See also 72 Ib. 11. The liability of a guarantor is the same as that of the principal. 14 Ind. 224; 9 Wheat. 680; Burge on Suretyship, 54.

The special bond required by § 727 does not relate to the performance of the duties enumerated under § 369. They are covered by the general bond here sued on. So, whether the loss resulting from failure to so report accrued to one fund or the other the breach being covered by the general bond, the sureties are liable. Under the allegations of the declaration admitted by the demurrer, the loss was the direct result of the failure to make the reports.

*C. B. Howry*, for appellees.

The liability of sureties is *strictissimi juris*. 60 N. Y. 421; Brandt on Suretyship, §§ 102, 451; 61 Md. 449; 21 How. 67. The liability for penalties is personal to the officer. The sureties on the bond are not liable for them. *Brooks* v. *Governor*, 17 Ala. 806; *Treasurer* v. *Hilliard*, 8 Rich. (S. C.) 412. Penal statutes cannot embrace cases not plainly within the meaning and letter. *Johnson* v. *State*, 63 Miss. 228; *Com.* v. *Swope*, 45 Pa. St. 435; *Brown* v. *Phipps*, 6 S. & M. 51; *Furlong* v. *State*, 58 Miss. 728. Sureties

are not liable for statutory penalties. Murfree on Off. Bonds, § 654.

Some injury must be shown to have resulted from the illegal act before the sureties can be held. *Lewis* v. *State,* 65 Miss. 472. The case in 108 U. S., cited by appellant, was decided upon the intention of the parties to a contract. Sureties are not liable for the penalty against a sheriff for failing to return an execution, but they are liable for any damages sustained.

The second count fails to show that the treasurer was in default for any of the county funds. If the plaintiff does not know whether a deficiency exists in the county funds, who does know? The allegations of this count are too indefinite. Even in equity an allegation that accounts are intricate will not prevent a demurrer. Adams' Eq. § 226.

*H. A. Barr,* on the same side.

The case is purely statutory. The statute being penal cannot be extended to cases not plainly embraced. *Johnson* v. *State,* 63 Miss. 228. Section 369 of the code does not provide that the sureties shall be liable, but fixes a penalty on the treasurer alone. Section 375, on the contrary, provides when and in what cases the sureties are liable.

The second count does not pretend that there is any known deficit of county funds. If there was an intermingling of funds, it was the duty of the board of supervisors to disentangle them. Perry on Trusts, § 838. These sureties can be made liable only by showing a loss of county funds.

COOPER, J., delivered the opinion of the court.

This is an action brought by the state for the use of Lafayette county, against Hall, the former treasurer of the county, and the sureties upon his official bond. The declaration contains two counts.

By the first count the plaintiff seeks to recover the sum of $2800, being fourteen forfeitures of $200 each, for failures by the treasurer to comply with the provisions of section 369 of the code, which provides that "The county treasurer, at every regular meeting of

68 MISS.—46

the board of supervisors, and at such other times as may be required by the said board, shall make to such board a detailed report of all moneys received by him, and of the disbursement thereof, and of all debts and sums of money due to or from the county, and of all other proceedings in his office, so that said receipt, disbursement and debts may clearly and distinctly appear; he shall also, at the time of making such reports, bring all moneys belonging to the county treasury to the board of supervisors, to be counted by said board, and if any county treasurer shall neglect to make such report he shall forfeit the sum of two hundred dollars, to be recovered by suit in the name of the board of supervisors of the county, for the use of the county."

By the second count the plaintiff sets out the failure of the treasurer to make the reports required by said section of the code at the fourteen meetings of the board specified in the first count, and then avers that, by reason of his neglect so to do, the board of supervisors were not informed of the fact that the treasurer had mixed and mingled the general funds of the county (for the security of which he had given the bond sued on) with the school fund of the county (for which he had given no bond, though required by law so to do), and of the mixed and mingled fund had embezzled, wasted and misapplied the sum of $443.90; that by mixing and mingling the said funds the treasurer had made it impossible for the plaintiff to say or know which particular fund was embezzled, and because of such want of knowledge the plaintiff is unable to recover on the general bond given by said treasurer for the county funds; that if the treasurer had made the reports required by law the board of supervisors would have been thereby informed of the true condition of affairs and would have made such orders and taken such steps in the premises as would have prevented further embezzlement by the officer, and that the embezzlements were of repeated but small sums, some of which were committed after the reports required by law should have been made, wherefore the plaintiff averred that the said losses resulted from the failure by the treasurer to report as required by law and demanded judgment on the bond for the sum embezzled.

A demurrer was interposed by the sureties on the bond, which was sustained and the plaintiff appeals.

Two questions are presented by the record :—

1. Are the sureties liable for the forfeitures declared by section 369 of the code ?

2. If the sureties are not liable for the forfeitures declared as such, do the facts averred in the second count show an actionable breach of the bond for which the damages claimed may be recovered ?

The first question is answered in the negative upon the authority of two decisions of this court as well as that of cases in other states. The forfeiture or penalty declared by the statute is in the nature of punishment to the officer *eo nomine,* and is additional to the liability upon his official bond for such actual damages as may result from his failure to perform the duty imposed by the section.

In the *State, use, etc.,* v. *Nichols,* 39 Miss. 318, the action was to recover against a sheriff, who was by the statute made liable " for the acts of their deputies" for a false return made by his deputy, the penalty imposed by a statute declaring that " if any sheriff, or his deputy, coroner, or other officer, shall make a false return on any process, such sheriff, deputy, etc., shall for every such offense be liable to pay the sum of five hundred dollars," or to be recovered on motion and notice given to " such sheriff, deputy," etc. It was held that the law created a penal offense against the individual liable to it, and that the penalty could not be enforced against the sheriff.

A parent brought suit against a clerk and the sureties upon his bond to recover a penalty for the unlawful issuance of a license for the marriage of plaintiff's child. The statute declaring the penalty was that " If any clerk shall issue a marriage license, without the requisites before prescribed, or in any other manner, such clerk shall for each offense forfeit and pay the sum of one thousand dollars, for the use and benefit of the person suing for the same, to be recovered by action of debt before any court having cognizance thereof." It was held that the issuance of the license was a breach of the official bond, and that the plaintiff might sue the clerk and his sureties *for the actual damages* sustained, but that for the penalty

imposed the officer alone was liable. *State, use, etc.,* v. *Baker,* 47 Miss. 88. To the same effect are *McDowell* v. *Burnell's Admr.,* 4 Rand. 317 ; *Treasurers, etc.,* v. *Hilliard,* 8 Richardson's Law, 413. In *Tappan* v. *The People,* 67 Ill. 340, the court, upon a construction of the statute, and principally because the penalty prescribed was a certain per cent. upon the sum withheld by the officer, and to be recovered in the same action as the principal sum, for which the sureties were unquestionably bound and were to be sued, was of opinion that the legislature *intended* to charge the penalty as liquidated damages upon the officer and his sureties.

The second question involved must also be answered in the negative. Not however for the reason that the act neglected to be done was not an official duty, but because the damages alleged to have resulted are too remote. It is not shown by the averments of the declaration that the failure was directly the cause of injury. The averment is that if the reports required by law had been made the board of supervisors would have been informed of irregularities in the keeping of the moneys of the county, which irregularities gave opportunity for the embezzlements subsequently committed, and concealed the fact that prior embezzlements had occurred. The difficulty is that the loss to the county flowed not from the neglect to make the reports, but from the distinct and independent act of the officer in abstracting the fund ; and this act, regardless of its origin, must be considered as the proximate cause of the injury, for redress of which idemnity is sought against the sureties. It is difficult to perceive upon what principle they can be liable by reason of the cause or occasion of the act, when non-liability for the act itself is admitted.

The difficulty in this case, as in a former one between the same parties, lies in the fact that the pleader imports into his pleadings the uncertainty which he supposes to exist in the evidence necessary to support the plaintiff's action.

Instead of averring distinctly that there has been an embezzlement or unlawful conversion of the fund secured by the bond upon which he sues (as he must do to escape the demurrer of the sureties) and putting upon the defendants the burden of accounting for the

lawful disbursement of the county funds which came to the hands of the delinquent treasurer, the pleader assumes that the burden of showing what fund was abstracted rests upon the state, and being doubtful whether the state can support that burden, states in his declaration, not a cause of action, but the facts from which he doubts the existence of one.

If the treasurer has not embezzled any of the fund secured by the bond upon which suit is brought, the plaintiff cannot recover. If, on the other hand, there has been any embezzlement *of that fund*, no matter whether it was taken from that fund kept separate and apart from the school fund or from a mingled fund of which *that* formed a part, the delinquent and those who became his sureties must make good the loss. The question really involved is one of evidence and of the burden of proof; the declaration in this cause converts it into one of pleading.

The demurrer was properly sustained and the judgment is

*Affirmed.*