Gorman, J.
This is a proceeding on an information charging the sheriff of Hamilton county, Ohio, Henry W. Hamann, with contempt of court, under the second subdivision of General Code, 12137, which makes provision for indirect contempt, for misbehavior of an officer of the court in the performance of his official duties.
The facts necessary to be stated as shown by the evidence adduced on the hearing of the charges are as follows:
Henry W. Hamann is and was during the month of November, 1910, the duly elected, qualified and acting sheriff of Hamilton county, Ohio, and as such had during said month acting under him twelve duly appointed and qualified deputies. On .the'trial *570 in the common pleas court of this county in room No. 5 before this court of the case of Greifenkamp v. Cincinnati, not reported, it appeared that on November 17, 1910, a certain subpoena was duly issued for one Charles Dury as a witness to testify in said case, with directions to the sheriff as to the place of business and residence of said Dury at the Cuvier Club and on Ridgeway avenue in the city of Cincinnati, and that said subpoena was returnable at 10 o’clock on November 18, 1910. It was shown that said subpoena was not served on said Dury either personally or at his residence, although the sheriff’s return recites that he was served at his residence. On November 18, in said cause, a rule was issued for Charles Dury, directed to the sheriff of ITaanilton county, and another rule on the same day at the same time, directed in the same manner, for Samuel Francis, both witnesses under subpoena, to show cause why they should not be attached for contempt of court in not attending as witnesses in said cause in pursuance of the subpoenas theretofore issued. These rules were both sent to the sheriff’s office between 11:50 A. m. and 12 o’clock noon on that day. The indorsement on these rules of the time of their receipt in the sheriff’s office is Í :15 p. m. and 1:20 p. m., more than an hour after they were sent there. The rules required each of the witnesses’to appear immediately. The evidence showed that Francis, who lived at Sharonville, could have been reached and served in less than one hour and a half after the receipt of the rule, and that Dury could have been served at his residence in less than forty-five minutes after the receipt of the rule. Francis was not served with his rule until 4 o’clock, more than four hours after the rule came into the sheriff’s office, and Dury was served at 5 o’clock, more than five hours after the rule for him came into the .sheriff’s office. On account of the failure to secure the attendance of these witnesses on November 18, the case on trial had to go over until November 21. Dury was at his residence at Ridgeway avenue all of November 17 and 18, and Francis was at or near, his home in Sharonville on November 18. No excuse is offered by the sheriff for the failure to serve Dury with a copy of the subpoena or the delay in serving the rules on Francis aad Dury, except that he personally had no knowledge of *571 the matters but left them entirely to his deputies, and the misconduct was his deputies’ and not his.
These charges were filed on the direction of the court to the committee.
It is urged by counsel for the sheriff that he ought not be found guilty of misbehavior or contempt for three reasons:
First. Because the charges are against Henry W. Hamann individually and not as sheriff.
Second.' Because he personally did not attend to the serving of the processes, but his deputies, and that they are the officers who are guilty.
Third. Because the proceedings in contempt are in their nature criminal and that there can be no contempt without knowledge or notice on the part of the sheriff, and a willful disobedience on his part, which is not shown here.
As to the first contention it is sufficient to say that the complaint or information which was duly served on defendant,charges him as sheriff and as an officer of this court, of misbehavior in the performance of his official duties and in his official transactions, and then specifies the transactions. The mere fact that in the caption of the case or proceedings he is not designated as sheriff can not avail. He was fully apprised of the nature of the charges and that they reflected on his official conduct. This is not a proceeding or action under the code, but a proceeding under the statute, General Code, 12137.
The court is of the opinion that the requirements of General. .Code, 12138, have been sufficiently complied with and that a charge in writing has been made, filed with the clerk, an entry thereof made on the journal and an opportunity has been given to the accused to be heard by himself and counsel. There is no charge but official misconduct made against.the defendant, and therefore there can be no force in the first objection.
As to the second and third objections they will be considered together, as they are practically but one objection, and that is that inasmuch as this is a criminal or quasi criminal prosecution it must appear that the sheriff had notice or knowledge of the misconduct of his deputies before he can personally be held answerable in this proceeding for their offense. ■ It is admitted *572 that he would be liable civiliter without knowledge or notice for the consequences to third persons, of the wrongful acts of his deputies, and also liable on his bond, but that guilt being always personal, he can not be guilty criminally unless he individually committed the wrongful act or acts.
Learned counsel for the sheriff have cited many cases in support of their contention. It may be admitted at the outset that these proceedings are quasi criminal, and do in many respects partake of the nature of a criminal prosecution. 4 Am. & Eng. Enc. Pl. & Pr., 766.
But this is not a criminal prosecution, for if it were the defendant would have to be indicted for the violation of a specific criminal statute by the grand jury, an arraignment and plea and trial had by a jury of twelve men. No such proceedings are permitted for contempt, under General Code, 12137. This matter is tried to the court. The charges affect the majesty of the law -and the dignity of the court, and tend, if true, to obstruct the administration of justice and embarrass the court in the performance of its duties. Even though the same offense were made a misdemeanor or a crime and punishment provided therefor, nevertheless if the offense consisted of misbehavior of an officer of the court the person offending could also be punished for contempt as well as criminally.
Numerous citations have been given by counsel for the defendant to show that in injunction eases there can be no contempt of court for violating the injunction unless notice has been served on the party charged with contempt, of the issuing of the injunc-. tion or knowledge on his part that it had been issued.
In 22 Cyc, 1012, Section 2, it is laid down that one against whom an injunction order has been issued is bound not only to abstain from violating it in person but also to endeavor in good faith to prevent its violation by his agents or assignees; and on the same page under “C” it is said:
“One can not be punished for violating an order of injunction unless it is made to appear that such order was personally served upon him or that he had notice of the making of the order. ’ ’
In Trimmer v. Railway, 36 N. J. Eq., 411, it was held that where none of the officers of a corporation did anything toward *573 the violation of an order of injunction issued against the corporation, nor concealed the fact that it had been issued, they can not be punished for contempt for a breach of the order.
In Whipple v. Hutchinson, 29 Fed. Cas., 938, it was decided that where there was doubt as to whether or not the writ was served on the party charged with contempt, a motion for an attachment for contempt should be denied. To the same effect is the ease of In re Cary, 10 Fed. Rep., 622.
In Greenleaf v. Leach, 20 Vt., 281, it was held that a party could not be held for contempt for violating an order of injunction where he had no actual notice of the issuance of the order, although his solicitor in the suit in chancery had notice that the orator would apply for the injunction to the chancellor. See also the following cases: Forsythe v. Winans, 44 Ohio St., 277; Ex parte Stone, 72 S. W. Rep., 1000 (Tex. Crim. App.).
There can be no doubt of the correctness of the rules laid down by the courts in these cases, but it seems to the court that they have no application to a case of an officer of the court charged with failure to perform his official duties either by himself or through his deputies. The cases cited would be applicable if this were a charge under the first subdivision of General Code, 12137, “Disobedience of or resistance to a writ, process, rule, judgment, or command of a court or an officer.” The sheriff is not charged with a violation of this first subdivision of the section referred to, but with the second subdivision, and the only notice or knowledge that he is entitled to have under this part of the section, is the knowledge that he is the sheriff, an officer of the court, and that it is his duty either in person or through his deputies to serve the processes issued by the court. How can he shield himself from contempt by neglecting his duty, and pleading his lack of knowledge of what his deputies may be doing, as a reason for not being answerable- for their misconduct to the court?
These are his deputies, his appointees; and if he sees fit to leave the duties and business of his office to his deputies, and they neglect to perform these duties, upon what sound rule of reason, law or justice should he not be held accountable for their misconduct as though it were his own? It seems to the *574 court that this situation calls for the application of the rule, “Qui facet per aUam, facet per se.” If he is answerable civiliter for his deputies’ misconduct to those who have suffered a money loss on account of their neglect or misconduct, why should he not be held answerable to the outraged majesty of the law as for a contempt of court?
The cases cited by counsel for defendant, which it is claimed support their contention that he can not be punished for contempt unless he has personal knowledge or notice of the issuing of the court’s orders and the failure of his deputies to carry out the orders, can all be distinguished; and in the opinion of the court they do not support their contention.
Esly v. Chandler, 7 Mass., 464, holds that the sheriff is liable civiliter for moneys made on execution by his deputy, although the writ was not placed in the' sheriff’s hands, but in his deputy’s, and the sheriff had no knowledge of that fact. It was further held that in this action the sheriff was liable to pay five-fold interest as a penalty to the party injured. It was urged in this case that neglect of the deputy could not be imputed to the sheriff, for he knew nothing of the wrongful act of the deputy, but the court said that the wrongful conduct would be imputed to the sheriff and that he had his remedy over against the deputy and that the creditor should not suffer who had no agency in the appointment of the sheriff’s deputies. It would appear that this 'decision is rather against defendant’s contention than in support of it, although the question of the sheriff’s contempt was not involved. The court in deciding the case said what is very apparent to anyone, that the sheriff might not be liable for a fine imposed on the deputy for official misconduct.
In Commonwealth v. Lewis, 31 Va., 664, it was held that a sheriff is not liable to an indictment in a criminal prosecution for a malfeasance in office committed by his deputy. This was purely a criminal prosecution and not a contempt proceeding, and inasmuch as the statutes of Virginia provided that a deputy as well as the sheriff could be criminally punished for the offense charged against the sheriff, allowing a criminal under his charge to escape, the person who committed the criminal offense, the deputy, was answerable.
*575 In State v. Berkshire, 2 Ind., 208, it was held that a deputy sheriff is liable to be indicted in a criminal proceeding for neglect of duty and that the high sheriff can not be made to answer criminally for his deputy’s violation of a criminal statute. In Indiana the neglect of the deputy was a criminal offense by statute, and the sheriff, of course, could not be punished under this statute for the deputy’s offense; but the court does not hold that the sheriff might not be liable in contempt for not seeing to it that he had a competent deputy to execute the orders of the court. There are cases which hold that the same aetious or conduct may be punished criminally and also as a contempt.
In State v. Nichols, 39 Miss., 318, it was held that under a criminal statute making it a penal offense punishable by a fine of $500 for a sheriff or his deputy to make a false return on any process the sheriff could not be held liable on his bond on motion under the statute, but that the statute was penal and the penalty was to be inflicted against the individual who was guilty of the wrongdoing. This was not a contempt proceeding.
The ease of People v. Waters, 1 Johns. (N. Y.) Cas., 187, holds that the sheriff is not to be considered in contempt for not acting on an execution which never came into his hands, nor was lodged in his office, but -given to his deputy. But it being made to appear that the sheriff afterwards affirmed the receipt of the execution by his deputy, the court held him in contempt for the failure of his deputy to make the money on the execution.
The doctrine that the sheriff is not to be considered as in contempt for not acting on an execution that never came to his personal knowledge, was repudiated and not followed in the later case of People v. Brown, 6 Cow. (N. Y.), 41.
. The statements in Murfree, Sheriffs, Sections 20, 61, to the effect that the sheriff is not liable to a criminal indictment or prosecution for the misdemeanors of his deputies, although he is liable civiliter for these same acts, does not aid us in determining whether or not the sheriff is answerable to -a contempt proceeding for the official misconduct of his deputies, while acting' within the scope of their official authority.
Counsel for defendant has cited no case which holds that the sheriff or other officer of the court may not be punished in a *576 contempt proceeding for the official misconduct of his deputies. It is true, as heretofore stated, that indirect contempt proceedings, such as these under consideration, where the contempt does not occur in the presence of the court, do partake of the nature of a criminal proceeding to some extent, but not wholly so; and therefore it is that they are called quasi criminal proceedings. But as heretofore pointed out, they are not criminal prosecutions, because they do not charge the accused with the violation of a penal statute, nor are the proceedings and trial of contempt charges the same as those in criminal prosecution. The contempt proceedings are not necessarily founded upon any statute; the right to punish for direct or indirect contempt resides inherently in the court, and can not be taken away by any act of the Legislature. The mode of procedure may be prescribed in the matter of filing charges and a hearing thereon, but the power of the court to punish for contempt must of necessity always reside in any court deserving of the name and commanding the respect of the community; otherwise its decrees, orders and mandates might be ignored and utterly disregarded. Now it appears to the court that counsel for the defendant have misconceived the nature of the charges made against the defendant in the information filed in this proceeding. He is not charged with the violation of an order, decree or mandate of the court, which might be punished under subdivision 1 of General Code, 12137, upon knowledge obtained of the order, or decree, or upon notice to him that the same had been made by the court; but the charge falls under the seeond division of the above mentioned section, misbehavior of an officer of the court in the performance of his official duties.
There is no question that the sheriff is an officer of the court. In fact he is chief executive officer of all courts in his county, made so by statute, General Code, 2833 and 2834. He is specially required to attend upon the common pleas and' circuit courts during their sessions and shall execute all warrants, writs and other process to him directed by the proper and lawful authority.
By the provisions of General Code, 2830, he is authorized to appoint in writing, subject to the approval of the judges of the *577 court of common pleas, one or more deputies, electors of the county, and by the provisions of General Code, 2831, it is provided:
“The sheriff shall be responsible for his deputy’s neglect of duty or misconduct in office.”
And while there can be no question that the sheriff is an officer, and the chief executive officer of the court, it would seem that by the special provisions of this last section of the general code he is not only answerable for neglect of his deputies, but also for their misconduct in office. Can this mean that he is only answerable civiliter for their misconduct? We think not. It seems to the court that a fair interpretation of this statute would render the sheriff answerable to the court, his superior, for the misconduct of the deputy which would affect the dignity of the court and interfere with the due administration of law and the prompt and orderly procedure of the court’s business.
But we are not wanting in authorities to support the claim of the complainants that the sheriff and not his deputies should be held answerable for these derelictions of duty on the part of his deputies, charged in the complaint. The circuit court of this county in the case of In re Morris, 8 C.C.(N.S.), 212, held, among other things, that inasmuch as the statute, General Code, 2919, authorized the prosecuting attorney to enter a nolle prosequi the assistant prosecutor could not be punished as for contempt for refusing, on the demand of a judge of this court, to enter a nolle; but that if any one had the power to enter the nolle it was the prosecutor and not his assistants.
In Murfree, Sheriffs, Section 964, under the chapter on proceedings and actions against the sheriff, it is said:
“An officer can not defend himself by setting up his own neglect of duty, and his deputy’s neglect is the same as his own.”
In People v. Brown, 6 Cow. (N. Y.), 41, the defendant Brown, as sheriff of Schoharie county, was brought up on an attachment for not returning a ft. ft. (an execution). In answer he said that the ft. ft. had been received by his under sheriff (deputy) and that the money had been collected by the under sheriff and *578 that he had not returned the execution. It was urged on the behalf of Brown, the sheriff, just as it is urged in the case at bar, that he should be discharged because the execution and the money had not come into his hands, but into the hands of the under sheriff. The court held that this was no objection; they said that the remedy by attachment, although in form criminal was in truth but a civil proceeding, and. that the sheriff was liable for the acts of his deputy the same as in civil actions-. The court distinguished the case of People v. Gilleland, 7 Johns. (N. Y.), 555, and said that the case of People v. Waters, 1 Johns. (N. Y.) Cas., 137, has not been followed.- “The court look to the sheriff. They do not know the deputy in this and like proceedings.” The sheriff was ordered to stand committed to jail until the -amount of money made on the execution by the deputy and the costs were paid.
This decision was approved and followed in the case of Van Tassel v. Van Tassel, 31 Barb. (N. Y.), 439, 444.
In Walden v. Davison, 15 Wend. (N. Y.), 575, 579, the court says:
“It would be a dangerous doctrine to hold, that the sheriff may, for his own convenience depute persons to discharge the duties of his office and yet not be answerable to third persons for their misconduct.”
In In re Lawson, 3 Ark., 363, contempt charges against the sheriff of Pulaski county were preferred, for failure to be present in attendance at court during its session. He was fined $5 and costs and sought to have the fine remitted on the plea that he was unavoidably absent from his office on official business. In deciding the case Dickinson, J., said:
“A court can not be subordinate to its officers or suspend its proceedings for their convenience or to enable them to discharge other duties than those required of them by the court in session. They must be prompt and ready in person or by competent deputies to execute its mandates when given.”
In Sparks v. State, 42 Tex. Cr., 374, there was an appeal from a judgment imposing a fine of $100 against. Sparks a.s sheriff for contempt in failing to execute process of subpoena on *579 a witness in a case pending in the district court of Harris county. It was urged that inasmuch as the statutes of Texas made the failure of the sheriff to execute the process a criminal offense, it was not proper to punish the sheriff as for a contempt. The court as to this objection said, page 248:
“We think it was entirely competent for the court to enter the fine against him, as it did, as for a contempt in failing to execute process of the court, and it does not matter that the failure may have also involved a criminal offense. The sheriff is an officer of the court, and the judge has the authority to require the process of the court to be executed by its officers, and the failure to do so can be treated as a contempt.”
In the case of State v. Brophy, 38 Wis., 413, a proceeding in contempt against the sheriff of Oconto county for failure to make a levy, one of the reasons given by him for his failure was that he was absent when the execution was delivered to his deputy and that he was personally ignorant of the fact that the execution had been received by his deputy (the same excuse made by Sheriff Hamann). It was- further contended that inasmuch as there was a criminal statute covering the case, criminal prosecution should be applied; but the court held the sheriff in contempt and ordered him to stand committed to the jail until the sum ordered to be paid with costs should be paid. On appeal this judgment was affirmed and it was held that although the sheriff was liable to an indictment and punishment under the criminal statute for his neglect of duty, nevertheless he was also subject to punishment as for a contempt. Neither the fact that his deputy received the execution in his absence and failed to make the money thereon and- the sheriff’s ignorance of these facts, nor the fact that the sheriff was liable to a further punishment as and for a criminal, act for the same neglect, was considered sufficient reason for not punishing him in the contempt proceedings.
In the ease at bar the sheriff is elected and sworn to perform his duties. He can not perform them by merely selecting deputies, and committing the performance of his own duties to his deputies. It is' his duty to attend to the business of the office. He is paid for so doing by -the people of the county. He should be at his *580 office every and all day except for the time necessary to take his noon day meal, and then some competent vigilant deputy should be put in charge, personally, by the sheriff. If he does not intend to devote his entire-time to the duties of his office he should not ask the people to elect him thereto. The salary is sufficient to require the sheriff to devote his entire time to the duties of the office. He should not be a mere figurehead and dummy, drawing the salary of the office and paying his deputies a smaller compensation to perform the duties which he himself was elected by the people to perform. Public office is a public trust and not a sinecure, 'and he who can not so treat it and perform his duties, should vacate the office and give way to an honest and capable man who is ready and willing to perform the duties imposed by law upon the official.
In the matters complained of the sheriff of this county, Henry W. Hamann, did not perform his duties as sheriff. He can not shield himself behind his deputies. The charges involve his failure to see that these writs and orders were served first by himself, and if unable to do it himself, then that he see to it, personally, that some competent deputy or deputies perform that duty for him. He did neither. He neither served the writs nor made an effort to do so; nor did he as it was his sworn duty to do, personally see that they were served. The fact that his deputies may also be punished as for a contempt of court does not excuse his failure to perform his duty. It would seem that under the statute, General Code, 2831, and upon reason and authority, he has been guilty through his own dereliction and that of his deputies, of misbehavior in the performance of his official duties and should be punished as for a contempt of court.
The court has no desire to be unnecessarily severe; nor does he feel that what was done had any personal reference or was intended as a personal affront to the individual judge in whose court the neglect and failure of the sheriff caused the inconvenience. This incident was as likely to have occurred in any other court room of the court house. But the court feels that there should be a punishment sufficient to warn all officers of the court that such conduct as the sheriff’s in this case, can not be tolerated, and it should be sufficient to be of assistance to the de *581 fendant and satisfy the ends of justice. The judgment of the court is that Plenry W. ITamann be fined in the sum of $50 and the costs of this proceeding, and that he stand committed to the county jail until the fine and costs are paid.
The coroner will take charge of the defendant.